IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

UNITED STATES OF AMERICA,

V.   Criminal Indictment: 1:20-CR-196-LMM-JSA

MARIELA HERNANDEZ,
    DEFENDANT.

**DEFENDANT'S MOTION TO SUPPRESS SEARCH AND SEIZURE OF DEFENDANT'S VEHICLE RESULTING FROM UNCONSTITUTIONAL TRAFFIC STOP AND SEARCH**

Defendant MARIELA HERNANDEZ (Hernandez) moves this Court pursuant to the Federal Criminal Rules of Criminal Procedure 12, 41, and 47, the Fourth, Fifth, and Sixth Amendments and the Due Process Clause of the United States Constitution, to suppress all items seized by the government pursuant to an unlawful traffic stop and unlawful search of Hernandez's vehicle.  In support thereof, Hernandez states the following:

**FACTS**

Hernandez has been charged by indictment with Conspiracy and Possession with Intent to Distribute at least 500 grams of Methamphetamine (Doc. 48).  The

1

government alleges that between April 2019 and March 18, 2020, Hernandez and her co-defendants conspired to distribute methamphetamine in the Northern District of Georgia. Hernandez on March 18, 2020 was driving lawfully when Georgia State Patrol (GSP) Trooper Munoz conducted a traffic stop of Hernandez's vehicle. Officer Munoz alleged that Hernandez was speeding. Trooper Munoz, without reasonable suspicion, prolonged the traffic stop in order to have a dog sniff Hernandez's vehicle. Eventually a dog did sniff the exterior of Hernandez's vehicle. The government arrested Hernandez after the dog sniffed and after searching Hernandez's car. At the time of Hernandez's arrest, the government searched her vehicle and located approximately fourteen (14) kilograms of methamphetamine. Additionally, Hernandez's cell phone was seized.

## AUTHORITY

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. "Probable cause for a search exists when under the totality of the circumstances 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" U.S. v. Goddard, 312 F.3d 1360 (11th Cir., 2002), Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317,

76 L.Ed.2d 527 (1983).   The Supreme Court sets forth a two-part standard for when a Fourth Amendment search has occurred: (1) the individual has "manifested a subjective expectation of privacy" in the thing searched; and (2) "society is willing to recognize that expectation as reasonable." Kyllo v. United States, 533 U.S. 27, 33 (2001).

"[I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." United States v. Barber, 777 F.3d 1303 (11th Cir., 2015), *citing* Minnesota v. Carter, 525 U.S. 83, 88, 119 S.Ct. 469, 472, 142 L.Ed.2d 373 (1998)."

## TRAFFIC STOP

"For a traffic stop to comply with the Fourth Amendment, the officer must have a "reasonable suspicion" of criminal activity." United States v. Anguiano, 791 F. App'x 841, 847-48 (11th Cir. 2019), Heien v. North Carolina, 135 S. Ct. 530, 536, 574 U.S. 54, 190 L. Ed. 2d 475 (2014).  "In other words, the officer must have "a particularized and objective basis for suspecting the person stopped of criminal activity.""Aguiano at 848, Navarette v. California, 572 U.S. 393, 396, 134 S. Ct. 1683, 188 L. Ed. 2d 680 (2014) (*quoting* United States v. Cortez, 449 U.S. 411, 417-18, 101 S. Ct. 690, 66 L. Ed. 2d 621 (1981).  In the instant case,

Hernandez was driving lawfully at all relevant times and the police did not have a reasonable suspicion for stopping the car that Hernandez was driving.

## UNLAWFUL EXTENSION OF TRAFFIC STOP

"Even stops initially supported by reasonable suspicion, however, may violate the Fourth Amendment if the officer "diverts from the stop's purpose and adds time to the stop in order to investigate other crimes" without reasonable suspicion therefor. United States v. Campbell, 2020 WL4726652 (11th Cir. 2020), Rodriguez v. United States, 135 S. Ct. 1609 (2015).  Therefore, even if the Hernandez stop was lawful the police unlawfully extended it by requesting a dog so that the dog could sniff Hernandez's vehicle.  The police do not have unfettered authority to detain a person indefinitely.  A detention is to be limited in scope and duration. Florida v. Royer, 460 U.S. 491, 103 S. Ct. 1319 (1983).  The police without reasonable suspicion cannot prolong a stop to obtain a dog to conduct a sniff of a vehicle.  "….A stop is unlawfully prolonged when an officer, without reasonable suspicion, diverts from the stop's purpose and adds time to the stop in order to investigate other crimes…." United States v. Campbell, 2020 WL4726652 (11th Cir. 2020).  The police in the instant case unlawfully prolonged Hernandez's stop in order to obtain a dog to sniff Hernandez's vehicle.

4

## **CONCLUSION**

Neither probable cause nor reasonable suspicion existed for the traffic stop or the subsequent search of Hernandez's vehicle.  Further, the stop was unlawfully extended for the police to obtain a dog to sniff the vehicle.  Ms. Hernandez moves to suppress all fruits obtained from the illegal stop and subsequent search and from the illegal arrest and subsequent searches, including any firearms, controlled substances, and any other physical evidence taken as well as all statements allegedly made by Hernandez subsequent to the unlawful searches and seizures.

Ms. Hernandez respectfully requests that this Court conduct a pretrial evidentiary hearing, allow time for counsel to file a brief in support of the motion, and thereafter grant the motion to suppress the evidence.

Respectfully submitted,

/s/Michael Saul

Michael H. Saul 627025
Attorney for Defendant
P.O. Box 4504
301 Washington Avenue
Marietta, Georgia, 30061
404-281-1542

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that I caused the attached motion to be served electronically to the United States and to the attorneys for the other parties.

This September 2, 2020

Respectfully submitted,

/s/Michael Saul

Michael H. Saul Bar No. 627025
Attorney for Mariela Hernandez
P.O. Box 4504
301 Washington Avenue
Marietta, Georgia, 30061
404-281-1542